IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRAMELL KUKOYI, *et al.*, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-02098 |
| | § | |
| FEDEX CORPORATION, *et al.*, | § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

Before the Court in this breach of contract lawsuit is Defendant FedEx Ground Package System, Inc.'s ("FedEx") Motion to Compel Arbitration and Dismiss Claims ("Motion to Compel" or "Motion") [Doc. # 3], with a supporting Memorandum of Law [Doc. # 4].[1] Plaintiffs filed a response,[2] and Defendant FedEx replied.[3] The Motion is ripe for decision. Based on the parties' briefing, pertinent matters of record, and relevant legal authority, the Court **grants** Defendant FedEx's Motion.

---

[1] *See* Defendant FedEx Ground Package System, Inc.'s Memorandum of Law in Support of Motion to Compel Arbitration and Dismiss Claims ("Memorandum in Support") [Doc. # 4].

[2] Response and Objection to Defendant FedEx Ground Package System, Inc's Motion to Compel Arbitration and Dismiss Claims ("Response") [Doc. # 6].

[3] Defendant FedEx Ground Package System, Inc's Reply in Support of Motion to Compel Arbitration and Dismiss Claims ("Reply") [Doc. # 7].

I.   **BACKGROUND**

Defendant FedEx Ground Packaging System, Inc. ("FedEx Ground") is a motor carrier that provides small package information, transportation, and delivery services. FedEx Ground services its network by contracting with other business for the physical pick-up and delivery of packages. To that end, FedEx and Plaintiff Pronto Shipping and Packaging Services, Inc. ("Pronto") entered into a Linehaul Contractor Operating Agreement ("Linehaul Agreement") on September 16, 2015.[4]

The Linehaul Agreement contains a Pennsylvania choice-of-law provision.[5] Plaintiff Tramell Kukoyi, the founder and CEO of Pronto, signed the Linehaul Agreement and its addenda for Pronto. Neither Plaintiff Kukoyi individually nor Defendant Devin Flippo was a party to the Linehaul Agreement.

On August 23, 2016, FedEx and Pronto executed a signature page to memorialize the companies' agreement to multiple addenda to the Linehaul Agreement.[6] Plaintiff Kukoyi signed on behalf of Pronto.

Among the addenda is Addendum 23, which contains a mandatory arbitration provision. In pertinent part, it states:

---

[4]   Linehaul Contractor Operating Agreement ("Linehaul Agreement") [Doc. # 4-2].

[5]   *Id.* § 16.

[6]   Signature Page, Linehaul Contractor Operating Agreement ("Signature Page") [Doc. # 42-2], at ECF 42.

2

> The Parties[, FedEx Ground and Pronto, ] agree that any dispute . . . including any claim or controversy between the parties arising since the effective date of this Addendum and out of or relating in any way to this Agreement and/or the relationship between the Parties resulting from the Agreement . . . shall be determined by final binding arbitration. . . . **THE PARTIES ACKNOWLEDGE THAT THE RIGHT TO A COURT TRIAL AND TRIAL BY JURY IS OF VALUE. BY SIGNING THIS AGREEMENT, THE PARIES KNOWINGLY AND VOLUNTARILY WAIVE SUCH RIGHT FOR ANY DISPUTE, SUBJECT TO THE TERMS OF THIS AGREEMENT TO ARBITRATE.**[7]

Addendum 23 also contains a delegation clause: "The arbitrator shall have exclusive authority to resolve any Dispute concerning the formation, existence, validity, enforceability, interpretation, or scope of this agreement to arbitrate."[8]

Plaintiffs filed this lawsuit in Texas State Court on January 8, 2019.[9] Plaintiffs allege that, in contravention of the Linehaul Agreement, FedEx Ground

---

[7] *Id.* Addendum 23 § I(c) (emphasis in original). Paragraph (I)(A) of Addendum 23 states:

> Any dispute, claim or controversy between the Parties arising out of or relating in any way to this Agreement and/or the relationship between the Parties resulting from this Agreement, including without limitation with respect to the interpretation of any provision of this Agreement, the performance by Contractor or FedEx Ground, the treatment by one Party of the other, and/or the termination of this Agreement ("Dispute") will be resolved in accordance with the dispute resolution procedure providing in this Addendum.

[8] *Id.*

[9] Plaintiff's Original Petition ("Complaint") [Doc. # 1-3].

3

began denying Pronto drivers access to FedEx pick-ups in "[e]arly 2017."[10] Plaintiffs assert claims for breach of contract under the Linehaul Agreement, promissory estoppel, tortious interference with existing contract, tortious interference with prospective relations, fraud, and violations of the Texas Deceptive Trade Practices Act ("DTPA"). Defendants timely removed on June 10, 2019.[11]

## II. DISCUSSION

FedEx seeks an order from this Court compelling the parties to arbitration and dismissing this lawsuit without prejudice. FedEx contends that Addendum 23 constitutes a valid arbitration agreement between FedEx and Pronto under Pennsylvania law; the arbitration agreements covers this lawsuit because it was entered into on August 23, 2016, covers disputes between the parties "arising since [its] effective date," and Plaintiffs alleged claims arose in "early 2017"; Plaintiff Kukoyi is bound by Addendum 23 through the doctrine of equitable estoppel; and Addendum 23's delegation clause requires an arbitrator to determine the gateway questions of arbitrability.[12]

---

[10] *Id.* ¶ 23.

[11] Notice of Removal [Doc. # 1].

[12] Recently, the Supreme Court has reaffirmed that the Federal Arbitration Act "allows parties to agree by contract that an arbitrator, rather than a court, will
(continued…)

4

Plaintiffs' argue that Addendum 23 does not bind them to arbitration of this lawsuit because the Addendum 23 was not signed by either party.[13] The record submitted by FedEx demonstrates Plaintiffs' assertion is incorrect. On August 23, 2016, FedEx and Pronto executed a signature page that memorialized their agreement to multiple addenda to the Linehaul Agreement, including Addendum 23.[14]

Plaintiffs have failed to respond to FedEx's other points, and accordingly have forfeited their right to contest these issues. *See Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 748 n.10 (S.D. Tex. 2003) ("[F]ailure to brief an

---

(continued…)
resolve threshold arbitrability questions as well as underlying merits disputes." *See Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 527 (2019).

[13] Response at 2. Plaintiffs also argue that the Linehaul Agreement as executed on September 16, 2015, does not contain an arbitration clause that covers this lawsuit. Plaintiffs additionally argue that a further addendum to the Linehaul Agreement, executed on October 27, 2017, and labeled "Addendum 23" (referred to herein as "Addendum 23 (2017)") [Doc. # 4-2], at ECF 50, contains an arbitration agreement that does not cover this lawsuit. Addendum 23 (2017) applies to disputes "arising since the effective date of this Addendum." Plaintiffs argue that because their alleged cause of action accrued in early 2017, before the October 27, 2017, effective date of Addendum 23 (2017), this lawsuit is not covered by that addendum's arbitration agreement. Plaintiffs arguments do not rebut FedEx's contention that Addendum 23, which was executed on August 23, 2016, covers this lawsuit and was effective at the time Plaintiffs' alleged cause of action accrued in "early 2017."

[14] Signature Page, Linehaul Contractor Operating Agreement [Doc. # 42-2], at ECF 42.

argument in the district court waives that argument in that court."). The Court will order this case be submitted to binding arbitration and will dismiss this lawsuit without prejudice. *See Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) ("The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration."); *Vujasinovic & Beckcom, PLLC v. Cubillos*, No. H-15-2546, 2016 WL 5573712, at *1 (S.D. Tex. Sept. 29, 2016) ("Because no issue remains to be tried rather than arbitrated, this case is dismissed, without prejudice, in favor of the arbitration.").

### III. CONCLUSION AND ORDER

Plaintiffs' *only* argument that Addendum 23 does not bind them to arbitration of this lawsuit is that Addendum 23 was not signed by the parties. This assertion is disproven by the documentary record. It is therefore

**ORDERED** that Defendant FedEx Ground Package System, Inc.'s Motion to Compel Arbitration and Dismiss Claims [Doc. # 3] is **GRANTED**. It is further

**ORDERED** that this lawsuit is **COMPELLED** to arbitration and **DISMISSED without prejudice**.

SIGNED at Houston, Texas, this 31st day of **July, 2019.**

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE

6

P:\ORDERS\11-2019\2098MCompel.docx 190731.1618